IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MONTANA STATE PRISON; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-12-M-DLC<br><br>ORDER |

On January 29, 2021, state pro se petitioner Michael Henry Anderson filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Anderson was advised that the Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). Because it appeared that Anderson's petition was both time-barred and procedurally defaulted, he was directed to show cause as to why the petition should not be dismissed. See, (Doc. 4.) The Court explained to Anderson the showing he would need to make to overcome the procedural hurdles before him. *Id*. at 3-6.

Anderson filed a response to the Court's order. He did not dispute the Court's finding that all of his claims were both time-barred and defaulted. Additionally, Anderson did not address the applicable statute of limitations or the

1

issue of procedural default as the Court had instructed him to do. Instead, Anderson provided the court copies of correspondence between himself and Hon. Robert Deschamps and a copy of correspondence with the Montana Board of Pardons and Parole. See, (Doc. 5.) Anderson also filed a Supplement in which he appears to challenge the Montana state criminal procedure by which a district court judge reviews a criminal Information, rather than a grand jury, and then presides over the subsequent criminal proceedings. Anderson asserts this process violated his constitutional rights and resulted in judicial bias. See generally, (Doc. 6.) Attached to Anderson's Supplement are 41 pages of documents demonstrating his ongoing efforts at legally changing his name in the state court system. See, (Doc. 6-1.)

     As a preliminary matter, Anderson's challenge to the state court's charging procedure is not novel. This Court has consistently rejected such claims as frivolous and wholly lacking in substantive merit.[1] But, it matters not at this

---

[1] See e.g., *Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at *2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate

juncture, because the Court is not entertaining new claims. Anderson was directed to address specific procedural issues and has failed to do so. His responses to this Court's order to show cause are completely non-responsive.

Anderson has failed to demonstrate any basis for tolling the one-year limitations period of 28 U.S.C. § 2244. Moreover, Anderson has not shown that he has been pursuing his rights diligently, but that an extraordinary circumstance stood in his way, see *Holland v. Florida*, 560 U.S. 631, 649 (2010), or that he is actually innocent of the offenses of conviction. *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). Likewise, Anderson has not demonstrated the requisite cause and prejudice to excuse the default of his claims. See, *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc); see also, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, Anderson's petition will be dismissed with prejudice as both time-barred and procedurally defaulted.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." See, Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

---

counsel was not ineffective for failing to raise frivolous Fifth Amendment claim).

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Anderson has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is time-barred and procedurally defaulted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability is denied.

**IT IS HEREBY ORDERED:**

1. Anderson's petition (Doc. 1) is DISMISSED with prejudice.

2. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 14th day of May, 2021.

> */s/ Dana L. Christensen*
> Dana L. Christensen
> United States District Court Judge